# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

JUAN CARLOS ALBORONZO HERNANDEZ,

    Petitioner,

  v.

LUIS SOTO, *et al.*,

    Respondents.

Civil Action No. 26-5891 (ZNQ)

**MEMORANDUM OPINION**

**QURAISHI, District Judge**

 This matter comes before the Court on Petitioner Juan Carlos Alboronzo Hernandez's habeas petition (ECF No. 1) challenging his ongoing immigration detention. Following an order to show cause, the Government filed a response to the petition (ECF No. 7), to which Petitioner replied. (ECF No. 8.) For the following reasons, the petition is granted, and Petitioner shall be released.

 Petitioner is a native and citizen of Mexico who most recently entered the United States in 2007, when he crossed the southern border without admission or inspection. (ECF No. 1 at 13.) Petitioner has remained in the United States since that time. (*Id.*) On May 16, 2026, immigration officers took Petitioner into custody as an alien who had not been admitted or paroled pursuant to 8 U.S.C. § 1225(b)(2). (ECF No. 7-2 at 3.) Petitioner has remained in detention without bond since that time. (*Id.*) Petitioner does not appear to have criminal history in the United States since entering in 2007.[1] Petitioner's only criminal history in the United States appears to be a criminal

---

[1] Petitioner's immigration records indicate that Petitioner was charged with a criminal mischief offense in Wallington, New Jersey, in the year 2000. Those charges are listed as still "pending"

1

mischief from the year 2000 in Wallington, New Jersey, which does not appear to have ever resulted in a conviction or final disposition. (*Id.* at 4.)

The Government argues in this matter that Petitioner is lawfully detained as an applicant for admission under 8 U.S.C. § 1225(b)(2). (*See* ECF No. 8.) The Government recognizes, however, that its position "relies on the same statutory-interpretation arguments," (ECF No. 7 at 2), this Court has repeatedly rejected in finding that § 1225(b)(2) does not apply to aliens who have resided within the United States for a lengthy period of time after crossing the border without being admitted or paroled. *See, e.g., Valerio v. Joyce*, No. 25-17225, 2025 WL 3251445 (D.N.J. Nov. 21, 2025); *see also Hueso v. Soto*, No. 26-1455, 2026 WL 539271, at 3 (D.N.J. Feb. 26, 2026); *Tyagi v. Soto*, No. 26-962, 2026 WL 478184, at *1 (D.N.J. Feb. 20, 2026). As Petitioner clearly falls into this category as he is an alien who entered the United States without admission or inspection and remained in the United States for nearly two decades prior to being taken into custody, he may not be held under 8 U.S.C. § 1225(b)(2). *See, e.g., Valerio*, 2025 WL 3251445, at *3. Petitioner's continued mandatory detention under § 1225(b)(2) is therefore unlawful. *Id*. Petitioner's habeas petition shall therefore be granted.

Turning to the question of the appropriate relief, the Government argues that the Court should provide Petitioner only with the bond hearing to which he would have been entitled had he been taken into custody under 8 U.S.C. § 1226(a). *See, e.g., Borbot v. Warden Hudson Cnty. Corr. Facility*, 906 F.3d 274, 278-79 (3d Cir. 2018) (potentially removable aliens not subject to mandatory detention statutes are subject to detention under 8 U.S.C. § 1226(a) under which they are entitled to a bond hearing at which they can secure bond by demonstrating they are neither a

---

despite the passage of more than twenty-six years. There is nothing in the record to indicate that these charges resulted in Petitioner being found guilty of a crime or disorderly persons offense, and the Court therefore does not find these charges to be relevant to its decision in this matter.

flight risk or danger).  Notwithstanding that Petitioner may be subject to the provisions 8 U.S.C. § 1226(a) if properly taken into custody under that statute in the future, the Government did not take Petitioner into custody under § 1226(a), nor has it provided Petitioner with the procedural protections available to aliens under § 1226(a), including a proper bond hearing at which release on bond is a live possibility.  As this Court has explained,

> It is not incumbent upon the Court to fix the Government's flawed application of § 1225(b)(2) by converting Petitioner's detention into a potentially lawful alternate form under a different statute with different procedural requirements and rules.  This is especially so in light of the Government's . . . continued employment of an oft rejected legal position.  *See Hueso*, 2026 WL 539271, at *3-4. Because the Government has only sought to detain Petitioner under 8 U.S.C. § 1225(b)(2), and he is clearly not subject to detention under that statute, and as that statute clearly does not apply to Petitioner, the Government [must] release Petitioner from custody immediately.

*Fajardo-Nugra v. Soto*, No. 26-975, 2026 WL 579192, at *2 (D.N.J. Mar. 2, 2026).

Petitioner's habeas petition (ECF No. 1) shall therefore be granted, and the Government shall release Petitioner immediately.  An order consistent with this Memorandum Opinion will be entered.

Date: June 12, 2026

_____s/ Zahid N. Quraishi_____
**ZAHID N. QURAISHI**
**UNITED STATES DISTRICT JUDGE**

3